UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DOW OLEFINVERBUND GmbH,

                  *Petitioner*,

v.

TRINSEO DEUTSCHLAND GmbH
(f/k/a STYRON DEUTSCHLAND GmbH),

                  *Respondent.*

------------------------------------------------------------x

Case No. 1:23-cv-07794

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO SEAL EXHIBIT TO DECLARATION OF NATHAN P. EIMER**

      Petitioner Dow Olefinverbund GmbH ("Dow") respectfully requests that this Court seal Exhibit C to Dow's Declaration of Nathan P. Eimer filed in support of Dow's Petition to Confirm Arbitral Award (the "Declaration") in accordance with Federal Rule of Civil Procedure 5.2(d). Exhibit C is the Site Services Agreement ("SSA") between Dow and Trinseo Deutschland GmbH ("Trinseo"). The SSA sets out the terms on which Dow provides services, such as energy and other utilities, to Trinseo at the parties' shared production site. This document therefore contains proprietary, competitively-sensitive business information, and its disclosure will cause serious competitive harm.

      The decision as to the access to judicial records is left to the sound discretion of the district court. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Although there is a presumption favoring access to judicial records, that presumption is overcome where countervailing factors, including the privacy interests of the parties, outweighs the public interest in disclosure. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). In particular, the presumption of access is overcome where, as here, disclosure of competitively-sensitive, confidential business information would harm the parties' competitive

1

position. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding a decision that held the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (citing the "extensive and irreparable harm" to "defendants' competitive position" as a "countervailing factor" weighing against disclosure).

As set forth in the accompanying Declaration of Nathan P. Eimer to the Motion to Seal Exhibit, Dow and Respondent were parties to an arbitration arising out of a Second Amended and Restated Site Services Agreement (the "SSA"), dated June 1, 2013, at a shared production site in Schkopau, Germany. The SSA is attached as Exhibit C to the Declaration to the Petition to Confirm. This document contains sensitive, confidential business information, the disclosure of which will harm the parties' competitive standing. The SSA sets out the terms on which Dow provides services to Trinseo at the shared production site. The services that Dow provides, such steam and cooling water, are critical inputs in both Dow and Trinseo's manufacturing process. The SSA contains detailed information regarding the costs and quantities of these inputs. This information is highly confidential and competitively sensitive. If the SSA is made public, competitors may be able to estimate the parties' costs, manufacturing capacities, profit margins and other information that will enable these competitors to undercut Dow and Trinseo, putting both at a significant competitive disadvantage.

By contrast, the public interest in the disclosure of the SSA is minimal. The public has no legitimate interest in the details of Dow's commercial arrangement with Trinseo, nor in the terms on which Dow provides electricity, fuel gas, steam, and cooling water to Trinseo. The public does have a legitimate interest in monitoring the legal system, *see, e.g., Lugosch*, 435 F.3d at

119, but that interest will be served by the public filing of Dow's petition for confirmation, as well as the Partial Final Award, attached as Exhibit A to the Declaration in Support of the Petition to Confirm, and the Final Award, attached as Exhibit B to the Declaration in Support of the Petition to Confirm. These documents summarize the substance of the Parties' arbitration and include the Arbitrator's ruling. *See DiRussa*, 121 F.3d at 826 (affirming order placing all documents except the court's orders under seal in a proceeding to confirm an arbitration award).

WHEREFORE, Dow prays that the Court enter an Order sealing Exhibit C to the Declaration of Nathan P. Eimer in accordance with Federal Rule of Civil Procedure 5.2.

Dated: September 1, 2023            By: */s/ Nathan P. Eimer*

Nathan P. Eimer (#1976067)
neimer@eimerstahl.com
EIMER STAHL LLP
224 South Michigan Avenue
Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718

*Counsel for Petitioner*
*Dow Olefinverbund GmbH*



SO ORDERED
LEWIS A. KAPLAN, USDJ
10/19

3