UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DOW OLEFINVERBUND GmbH,

Petitioner,

-against-

TRINSEO DEUTSCHLAND GmbH
(f/k/a STYRON DEUTSCHLAND GmbH),

Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

23-cv-7794 (LAK)

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

This matter is before the Court on a petition brought under Section 207 of the Federal Arbitration Act ("FAA") to confirm an arbitration award entered in favor of petitioner Dow Olefinverbund GmbH ("Dow") against respondent Trinseo Deutschland GmbH f/k/a Styron Deutschland GmbH ("Trinseo"), both of which are foreign entities.[1]  The Court has jurisdiction pursuant to 9 U.S.C. § 203 because this is a civil action seeking confirmation of an award rendered in an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "New York Convention").  Venue is proper in this district pursuant to 9 U.S.C. § 204 because the parties' arbitration agreement and the enforcement of the arbitration award fall under the terms of the New York Convention, and the parties' agreement designates New York County, New York as "the place of arbitration."[2]

*Background*

Petitioner is a company that operates a petrochemical facility in Schkopau, Germany and is organized under the laws of the Federal Republic of Germany.[3]  Respondent is a company that operates, among other things, a synthetic rubber and polystyrene plant at petitioner's petrochemical

---

[1]      Dkt 1.

[2]      *See* Dkt 7-1, ¶ 12.

[3]      Dkt 7-1, at 1.

facility in Schkopau and also is organized under the laws of the Federal Republic of Germany.[4] Pursuant to a services agreement between petitioner and respondent (the "Agreement"), petitioner initiated the underlying arbitration in which it sought judgment stemming from a dispute over respondent's obligations under the Agreement.[5] After review of extensive briefing, testimony, and documentary evidence, the arbitrator issued a partial final award on October 6, 2022, in which he found that:

1.   "The F85 replacement project and the I-72 MOD-5 replacement project at Schkopau are Required Capital Projects as that term is defined in the SSA."[6]

2.   "The F85 and I-72 MOD-5 Required Capital Projects provided Required Capital Benefits to Trinseo as that term is defined in the SSA."[7]

3.   "The disagreement between the Parties under Section 12.2(e) of the SSA about whether the Required Capital Benefits are substantially disproportionate to the Styron Share is a dispute arbitrable under Section 27.2 of the SSA over which the Arbitrator has jurisdiction."[8]

With respect to the disagreement about whether the Required Capital Benefits were substantially disproportionate to the Styron Share, the arbitrator directed petitioner and respondent to conduct negotiations in an attempt to reach an agreement.[9] On January 16, 2023, counsel for petitioner informed the arbitrator that the parties had reached agreement regarding the appropriate Styron Share, as well as the allocation of the costs of the arbitration and attorneys' fees.[10] On February 16, 2023, the arbitrator issued the final award, affirming the parties' negotiated agreement and incorporating by reference his findings in the partial final award.[11]

---

[4]    Dkt 7-1, at 1.

[5]    Dkt 7-1, at 4-5.

[6]    *See* Dkt 7-1, ¶ 177(1).

[7]    *See* Dkt 7-1, ¶ 177(2).

[8]    *See* Dkt 7-1, ¶ 177(3).

[9]    *See* Dkt 7-1, ¶ 177(4).

[10]    *See* Dkt 7-2, ¶¶ 5, 9.

[11]    Dkt 7-2, ¶¶ 2, 12.

Petitioner filed its petition on September 1, 2023, and respondent waived service of a summons on September 18, 2023.[12]  Petitioner represents that it consulted with respondent's general counsel, who informed petitioner that respondent "has no objection" to the petition and "it does not intend to appear in this proceeding."[13]  The respondent has failed to respond or otherwise appear before the Court.  The time for doing so having passed,[14] the Court hereby treats the unanswered petition as an unopposed motion for summary judgment that is ripe for adjudication.[15]

### Discussion

The Court's standard of review is highly deferential.  A petition to confirm an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[16]  Accordingly, a court will confirm an award as long as there is even a "barely colorable justification for the outcome reached by the arbitrators."[17]

Petitioner has met its burden of demonstrating that the award should be confirmed.  In the partial final award and final award, the arbitrator made thorough findings on the basis of extensive briefing, testimony, and documentary evidence.[18]  Pursuant to Article 33 of the 2014 International Centre for Dispute Resolution ("ICDR") Rules, respondent had until March 20, 2023 to apply to the arbitrator for a correction or interpretation of the award, which it declined to do.  The respondent has failed to respond or otherwise appear before the Court.  The Court concludes that there is a "colorable justification" for the outcome and therefore grants the petition.

---

[12]

*See* Dkts 1, 8.

[13]

Dkt 1, ¶ 32.

[14]

*See* 9 U.S.C. § 6 (2012) (providing that an application to the court under the FAA "shall be made and heard in the manner provided by law for the making and hearing of motions"); S.D.N.Y. Local Rule 6.1(b) (requiring a response to civil motions, petitions, and applications within fourteen days after service).

[15]

*See, e.g.*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment").

[16]

*Id.* at 110 (internal quotation marks omitted).

[17]

*Id.* (internal quotation marks omitted).

[18]

Dkt 7-1, ¶¶ 31-53.

4

*Conclusion*

The petition [Dkt 1] is GRANTED, and the underlying arbitration award is CONFIRMED. The Clerk of the Court shall enter the judgment filed simultaneously with this memorandum order and close the case.

SO ORDERED.

Dated:        November 1, 2023

_____
Lewis A. Kaplan
United States District Judge